UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AMY JO BROWN,

       Plaintiff,

v.                                    Case No. 15-CV-1250

BANK OF AMERICA, N.A.,
RESIDENTIAL CREDIT
SOLUTIONS, INC., AND DOES
1-10 INCLUSIVE,

       Defendants,

and

AMY JO BROWN,

       Plaintiff,

v.                                    Case No. 15-CV-1526

BANK OF AMERICA, N.A.,
RESIDENTIAL CREDIT
SOLUTIONS, INC., AND DOES
1-10 INCLUSIVE,

       Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART BANK OF AMERICA, N.A.'S MOTION TO DISMISS (DKT. NO. 5), GRANTING BANK OF AMERICA'S MOTION TO CONSOLIDATE (DKT. NO. 17), GRANTING RESIDENTIAL CREDIT SOLUTIONS, INC.'S MOTION TO DISMISS (CASE NO. 15-CV-1526, DKT. NO. 2), AND SCREENING PLAINTIFF'S COMPLAINT**

---

Plaintiff Amy Jo Brown, proceeding without a lawyer, filed a civil action

alleging that the defendants, Bank of America, N.A. ("Bank of America"), and

Residential Credit Solutions, Inc. ("RCS"), wrongfully obtained a judgment of

1

foreclosure against her in a Wisconsin state court action involving a mortgage on real property located in Brookfield, Wisconsin (the "Property"). <u>Brown v. Bank of America, N.A.</u>, No. 15-cv-1250 (E.D. Wis.). She then filed a second civil action against the same defendants, which she captioned an "independent action in equity."[1] <u>Brown v. Bank of America, N.A.</u>, 15-cv-1526 (E.D. Wis.).

In both cases, the plaintiff seeks the same relief—an order vacating a final judgment of foreclosure entered in the Circuit Court of Waukesha County, Wisconsin. That judgment was affirmed by the Wisconsin Court of Appeals, and the Wisconsin Supreme Court denied the plaintiff's petition for review. The plaintiff now asks this court to vacate the state court's final judgment. She also requests a declaration that the defendants have no legal claim to the Property, no right to collect payments from her, and no right to foreclose on the Property. The plaintiff also appears to allege that Bank of America violated the Truth in Lending Act, 15 U.S.C. §1601, <u>et seq.</u> ("TILA"), by transferring her mortgage to a new servicer and failing to provide her with timely notice of the transfer.

Bank of America moved to dismiss the plaintiff's complaint in Case No. 1250, arguing that all of her claims are barred by the <u>Rooker-Feldman</u> doctrine, <em>res judicata</em>, and collateral estoppel, and the Anti-Injunction Act, and the complaint fails to state a claim on which relief can be granted. Bank of America additionally argues that the plaintiff's TILA claim is barred by the TILA's one-year statute of limitations. In Case No. 15-cv-1526, RCS moved to

---

[1] The plaintiff named "Does 1-10, Inclusive" as defendants in both of her cases. However, there is no further mention of those defendants in any allegation of either complaint. The court will not allow the plaintiff to proceed on any claims against any defendant who is not mentioned in one of her complaints.

dismiss the plaintiff's claims based on res *judicata*, the Rooker-Feldman doctrine, and because her complaint fails to state a claim on which relief can be granted.[2]

For the reasons discussed in this order, the court will consolidate both cases into this case for all purposes. The court finds that the plaintiff's claims for wrongful foreclosure, quiet title, and declaratory and injunctive relief directly attack the state court judgment and are barred by the Rooker-Feldman doctrine.[3] Accordingly, the court will grant in part the defendants' motions to dismiss and dismisses those claims for lack of subject matter jurisdiction. The court finds, however, that the record is insufficient to establish that the plaintiff's TILA claim is barred by the Rooker-Feldman doctrine, *res judicata*, or collateral estoppel, and it does not appear to be barred by the TILA's one-year statute of limitations. The court will allow only that claim to proceed, to the extent it is not barred by the statute of limitations, does not attack the state court's judgment, and may provide relief independent from that judgment.

---

[2] It is not clear whether the plaintiff served Bank of America with the complaint filed in Case No. 15-cv-1526 or served RCS with the complaint filed in Case No. 15-cv-1250. Bank of America appeared by counsel in Case No. 15-cv-1526 to file a motion to consolidate, but had not yet been served at the time. RCS has not responded to the complaint in Case No. 15-cv-1250, and the docket does not reflect that RCS has been served yet.

[3] The plaintiff's complaint contains one citation to the Fair Debt Collection Practices Act, 15 U.S.C. §1692. Dkt. No. 1, ¶7. She alleges jurisdiction is proper under 15 U.S.C. §1692, but the complaint contains no other reference to the FDCPA, no substantive allegations concerning that statute or allegations that would suggest she is pleading claim under it. For that reason, the court determines that the complaint does not state a claim under the FDCPA.

3

## I.  BACKGROUND

In September 2004, the plaintiff executed a promissory note for a loan in the amount of $383,200. The note was secured by a mortgage on the Property. The plaintiff stopped making payments on the loan in September 2009, and Bank of America filed a foreclosure action against her in September 2011. Bank of America moved for summary judgment on its claims. In support of its motion, Bank of America filed an affidavit from one of its employees who attested that Bank of America held the original note and that the plaintiff was in default. In response, the plaintiff filed counterclaims and third-party claims, including a claim for a declaratory judgment to quiet title, a claim for fraud, and a claim under the Fair Debt Collection Practices Act. Bank of America moved to dismiss those claims. After a hearing, the circuit court entered summary judgment in favor of Bank of America, and granted its motion to dismiss the plaintiff's counterclaims and third-party claims.

The plaintiff appealed, arguing that Bank of America lacked standing to foreclose on the Property, was not the real party in interest, and did not establish a *prima facie* case for summary judgment. The court of appeals rejected all of her arguments and affirmed the circuit court's order. That court concluded that Bank of America had standing to foreclose on the Property, and was the proper party to do so, because it was the possessor of the original note and was injured when the plaintiff defaulted. The court further concluded that Bank of America had made a *prima facie* case for summary judgment, that the plaintiff failed to establish a genuine issue of material fact, and that Bank of

4

America was entitled to judgment as a matter of law. In January 2015, the Wisconsin Supreme Court denied the plaintiff's petition for review.

Nine months later, in October 2015, the plaintiff filed her complaint in Case No. 15-cv-1250. The plaintiff served Bank of America, which responded by filing a motion to dismiss. In December 2015, after briefing had closed on Bank of America's motion to dismiss, the plaintiff filed her second case in this court against Bank of America and RCS, Case No. 15-cv-1526. She styled that case as an "independent action in equity," invoking Fed. R. Civ. P. 60(d), and asked the court to vacate the Waukesha County Circuit Court's 2013 judgment against her. RCS responded by moving to dismiss. A few weeks later, the plaintiff filed a "Notice of Filing of Bankruptcy Petition and of the Automatic Stay" in both of her cases in this court. By order dated January 20, 2016, the court advised the plaintiff that §362(a)(1) of the Bankruptcy Code provides that a bankruptcy petition operates as a stay of actions against the debtor, but it does not stay her actions against the defendants. Bank of America then filed a motion to consolidate both of the plaintiff's cases into this case. Briefing now has closed on all motions pending in both cases, and all such motions are ripe for decision.

## II.    DISCUSSION

A.    <u>The Court Will Consolidate Case No. 15-cv-1526 With This Case For All Purposes.</u>

The court will grant Bank of America's motion to consolidate Case No. 15-cv-1250 with Case No. 15-cv-1526. Under Fed. R. Civ. P. 42(a), the court may consolidate cases which involve a common question of law or fact and may

5

issue any orders to avoid unnecessary cost or delay. Consolidation "is a matter committed to the sound discretion of the trial judge." <u>Canedy v. Boardman</u>, 16 F.3d 183, 185 (7th Cir. 1994). Courts "consider such factors as judicial economy, avoiding delay, and avoiding inconsistent or conflicting results," along with "the possibility of juror confusion or administrative difficulties." <u>Habitat Educ. Ctr., Inc. v. Kimbell</u>, 250 F.R.D. 390, 394 (E.D. Wis. 2008). The Seventh Circuit has stated that "considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event . . . ." <u>Ikerd v. Lapworth</u>, 435 F.2d 197, 204 (7th Cir. 1970).

The Seventh Circuit has explained there are different types of consolidation, including one that is appropriate for this case:

> Where several actions are combined into one, lose their separate identity, and become a single action in which a single judgment is rendered. An illustration of this is the situation in which several actions are pending between the same parties stating claims that might have been originally set out as separate counts in one complaint[.]

<u>Ivanov-McPhee v. Washington Nat'l Ins. Co.</u>, 719 F.2d 927, 929 (7th Cir. 1983) (quoting 9 C. Wright & A. Miller, Fed. Prac. & Proc. §2382, at 254 (1971)). Thus, if the claims stated in two separate cases could have been brought originally in a single case, the court can consolidate both cases into one case. In this case, both of the plaintiff's complaints arise out of the same underlying foreclosure dispute, involve common questions of law and fact, and are filed against the same defendants. The plaintiff enumerated three causes of action in her first complaint, and proceeded under Rule 60(d) in her second, but there

6

is no reason the plaintiff could not have invoked Rule 60(d) in her first complaint.

Moreover, it appears to the court that the plaintiff's second complaint may have an attempted end-run around Bank of America's motion to dismiss her first complaint. Even though the court did not grant the plaintiff permission to file a sur-reply in opposition to RCS's motion to dismiss in Case No. 15-cv-1526, the plaintiff filed one anyway. In that brief, she stated that Case No. 15-cv-1526 "avoids *res judicata* as it is an Independent Action in Equity. This case attacks the judgment that was entered in Waukesha County Court." No. 15-cv-1526, Dkt. No. 11, at 2. The fact that the plaintiff filed her second action to evade the looming dismissal of her first action further militates in favor of consolidation.

At bottom, both of the plaintiff's complaints are pleaded against the same defendants and ask the court to do the same thing—vacate the Waukesha County Circuit Court's foreclosure judgment. Therefore, the court finds that it is appropriate to consolidate the plaintiff's cases into the plaintiff's earlier filed case—No. 15-cv-1250.

B.    Screening Of The Plaintiff's Complaint And The Defendants' Motions To Dismiss

    1.    *Applicable Standards*

Section 1915(e)(2)(B) requires a court to dismiss a case filed by a self-represented plaintiff at any time if the court determines that it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." For

7

this reason, district courts "screen" complaints filed by self-represented plaintiffs to determine whether the complaint must be dismissed under these standards.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); <u>Gibson v. City of Chicago</u>, 910 F.2d 1510, 1520 (7th Cir. 1990). When evaluating a motion to dismiss under Rule 12(b)(6), the court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences from those facts in the plaintiff's favor. <u>AnchorBank, FSB v. Hofer</u>, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must provide the defendant with fair notice of the basis for the claim and also must be facially plausible. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009); <u>see also</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678.

> 2. *The Relationship Between* Res Judicata *And The* <u>*Rooker-Feldman*</u>
> *Doctrine*

The defendants contend that the court should dismiss the plaintiff's claims under the <u>Rooker-Feldman</u> doctrine and the doctrine of *res judicata. Res judicata* is an affirmative defense, although it "is not one of the affirmative defenses that Rule 12(b) permits to be made by motion rather than in the answer to the complaint. But when an affirmative defense is disclosed in the

8

complaint, it provides a proper basis for a Rule 12(b)(6) motion." <u>Muhammad v. Oliver</u>, 547 F.3d 874, 878 (2008). By contrast, the <u>Rooker-Feldman</u> doctrine is not an affirmative defense; it is a limit on this court's subject matter jurisdiction. If the <u>Rooker-Feldman</u> doctrine were applicable, the court would lack jurisdiction over the plaintiff's claims. Challenges to the court's subject matter jurisdiction should be brought under Rule 12(b)(1), so the court will treat the defendants' motions to dismiss as having been brought under both 12(b)(1) and 12(b)(6).[4]

The <u>Rooker–Feldman</u> doctrine derives from two Supreme Court cases in which plaintiffs "litigated and lost in state court . . . [then] essentially invited federal courts of first instance to review and reverse [the] unfavorable state court judgments." <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 283, 125 S. Ct. 1517 (2005), discussing <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413, 44 S. Ct. 149 (1923) and <u>D.C. Ct. of App. v. Feldman,</u> 460 U.S. 462, 103 S. Ct. 1303 (1983). Because Congress empowered only the Supreme Court to exercise appellate authority to reverse and modify state court judgments, <u>see</u> 28 U.S.C. §1257, such suits were declared "out of bounds, *i.e.,* properly dismissed for want of subject-matter jurisdiction." <u>Saudi Basic Indus.</u>, 544

---

[4] In determining whether the plaintiff's claims are barred by <u>Rooker-Feldman</u> or *res judicata*, the court can properly consider the public state court records that the defendants filed in support of their motion. <u>Capitol Leasing Co. v. F.D.I.C.</u>, 999 F.2d 188, 191 (7th Cir.1993) (the court "may properly look beyond the allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists."); <u>Lechnir v. Wells</u>, No. 14-C-1020-WCG, 2016 WL 204475, at *2 (E.D. Wis. Jan. 15, 2016) ("a defense of claim preclusion may be raised in a motion to dismiss if, as here, the defense is premised on public records, and no further information or discovery is required").

U.S. at 283–84, 125 S. Ct. 1517. The doctrine is a limitation on the subject matter jurisdiction of lower federal courts that prohibits them from exercising appellate review over state court decisions. Arnold v. KJD Real Estate, 752 F.3d 700, 704 (7th Cir. 2014); Kamilewicz v. Bank of Boston Corp., 92 F.3d 506, 509 (7th Cir. 1996).

There is a fine distinction between the Rooker-Feldman doctrine and *res judicata*. See Nesses v. Shepard, 68 F.3d 1003, 1004 (7th Cir. 2005). The Rooker-Feldman doctrine is narrowly confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Saudi Basic Indus., 544 U.S. at 284, 125 S. Ct. 1517. Cases requiring dismissal under Rooker-Feldman involve plaintiffs who are "attacking the judgment itself" or the procedures used in obtaining that judgment. GASH Assocs. v. Vill. of Rosemont, Ill., 995 F.2d 726, 728 (7th Cir. 1993). Rooker-Feldman comes into play only when the federal court assesses the propriety of a state court judgment. "If a federal plaintiff presents some independent claim, albeit one that denies a legal conclusion that a state court has reached," then Rooker-Feldman does not bar the court's jurisdiction. Saudi Basic Indus., 544 U.S. at 293, 125 S. Ct. 1517 (citing GASH, 995 F.2d at 728). In an unpublished order entered in a case similar to this one, the Seventh Circuit concluded that the Rooker–Feldman doctrine might not bar an award for damages if the award does not disturb the state court's judgment of foreclosure. Canen v. U.S. Bank Nat. Ass'n, 556 F. App'x 490 (7th Cir. 2014).

*Res judicata* and collateral estoppel, on the other hand, are affirmative defenses that require federal courts to give a state court judgment the same preclusive effect it would have in state court. Long v. Shorebank Dev. Corp., 182 F.3d 548, 560 (7th Cir. 1999). "[W]hen considering whether a claim has preclusive effect, the Court must apply the res judicata doctrine of the state from which the decision occurred. Long, 182 F.3d at 560. The distinction between the two concepts is that the Rooker-Feldman doctrine addresses whether a federal district court has subject matter jurisdiction over a particular matter, while *res judicata* and collateral estoppel are affirmative defenses that depend on the Full Faith and Credit Statute. Id.; 28 U.S.C. §1738.

> 3.    *The Rooker-Feldman Doctrine Divests The Court Of Subject Matter Jurisdiction Over The Plaintiff's Challenges To The State Court Judgment.*

Several of the plaintiff's claims openly attack the final judgment of foreclosure entered in the Waukesha County Circuit Court. In the plaintiff's complaint filed in Case No. 15-cv-1250, she "dispute[s] any foreclosure proceedings regarding the" Property and seeks a declaration from this court that title to the Property "is vested solely in Plaintiff and that Defendants have no right, title, estate, lien, or interest in the Property," along with an injunction preventing them from "asserting any right, title, lien, or interest in the Property adverse to Plaintiff." Dkt. No. 1, ¶34. The plaintiff expressly alleges that the judgment Bank of America obtained in the Waukesha County Circuit Court "must be vacated." Id., ¶21(d). She asks this court to "vacate that judgment because Defendant BofA had no standing, after December 16, 2012, to

11

continue with its lawsuit for quiet title against" her. Id. In her *ad damnum* clause, the plaintiff asks the court for an order cancelling Bank of America's notice of default, cancelling the notice of sheriff's sale, invalidating a note securing a home equity line of credit extended to the plaintiff by Bank of America, and for other relief contrary to the state court foreclosure judgment.

The complaint in Case No. 15-cv-1526 does not specify any causes of action, but invokes Fed. R. Civ. P. 60(d) as the basis for the plaintiff's "independent action for equity." In that complaint, the plaintiff claims that she was denied her right to due process in the state court action, that newly discovered evidence shows that Bank of America transferred ownership of her note to RCS, so Bank of America lacked standing to foreclose on her mortgage, and asks the court to vacate the Waukesha County Circuit Court's foreclosure judgment. The court finds that the allegations in Case No. 15-cv-1526 do nothing more than recast the causes of action in Case No. 15-cv-1250 as yet another attack on the state court's foreclosure judgment.

The court can look to the state court judgment to determine what claims were or could have been litigated in the foreclosure proceedings, so that the court can determine whether it has subject matter jurisdiction over any of the plaintiff's claims. But it cannot vacate or reverse that judgment. The Rooker-Feldman doctrine prevents this court from reviewing the merits of the state court foreclosure judgment or issuing an order that would directly upset that judgment. The United States Supreme Court—not a federal district court or circuit court of appeals—is the only federal court with subject matter

jurisdiction over an appeal from the Wisconsin Supreme Court's denial of the plaintiff's petition for a writ of review.

In this case, the plaintiff pleaded several claims that, if successful, would directly upset the state court final judgment of foreclosure—her claims for wrongful foreclosure, quiet title, declaratory and injunctive relief, and her "independent action in equity" in which she seeks an order vacating the state court judgment. An order from this court granting relief on any of those claims effectively would invalidate all or part of the state court's judgment of foreclosure. If this court were to allow those claims to proceed, the instant federal case would be the functional equivalent of an appeal from the final judgment of the state court, which the <u>Rooker-Feldman</u> doctrine prohibits. The court does not have subject matter jurisdiction over those claims, and will dismiss them under Rule 12(b)(1) pursuant to the <u>Rooker-Feldman</u> doctrine as to both Bank of America and RCS.[5]

Bank of America recognizes that the plaintiff's complaint also can be read to allege a claim under the Truth in Lending Act. Dkt. No. 1, ¶¶22-28; Dkt. No. 6 at 2, 14. The plaintiff alleges that she learned on October 12, 2015 that Bank of America had transferred her mortgage to a different servicer on December 16, 2012. She alleges that Bank of America violated the TILA's notice

---

[5] "Where *Rooker–Feldman* applies, lower federal courts have no power to address other affirmative defenses, including res judicata." <u>Taylor v. Fed. Nat'l Mortg. Ass'n</u>, 374 F.3d 529, 535 (7th Cir. 2004) (quoting <u>Garry v. Geils</u>, 82 F.3d 1362, 1365 (7th Cir. 1996)). That is because a dismissal pursuant to <u>Rooker-Feldman</u> means the court lacks subject matter jurisdiction. For that reason this court will not address the defendants' additional grounds for dismissal, including res judicata, collateral estoppel, and the Anti-Injunction Act.

13

provisions by failing to notify her sooner, and she seeks unspecified "damages" for the violation. Id., ¶¶26-27. In Canen, the Seventh Circuit distinguished between the Canens' claim for quiet title and their claims under the TILA and for fraud. Canen, 556 F. App'x at 491. The Seventh Circuit held that Rooker-Feldman barred the Canens' claim for quiet title because the sole available remedy (quiet title in favor of the Canens) "would directly upset the judgment of foreclosure," and the Canens could have raised that claim in the state court foreclosure action. Id. But the court explained that Rooker–Feldman did not bar an independent claim that denies a legal conclusion reached in the state court litigation (such as the Canens' TILA claim), if that claim could possibly provide other relief "via awards of damages without disturbing the state court's judgment." Id. In those cases, the Canen court concluded, "there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." Id.

Canen is an unpublished, non-precedential decision, but the court finds it to be analogous and persuasive. The plaintiff's TILA claim is premised on her allegation that Bank of America did not properly notify her of a service transfer as required by the TILA. Even though the plaintiff cannot seek rescission of a loan that was at the core of the state court foreclosure proceedings, an award of statutory damages resulting from untimely notice, for example, would not disturb the state court's judgment. Consequently, the court determines that the plaintiff's claim under the TILA is not barred by Rooker-Feldman because the court potentially could award relief that does not disturb the state court

14

judgment. Whether this claim is barred by *res judicata* must be analyzed

separately. <u>Canen</u>, 556 F. App'x at 491.

    4.    *The Court Will Not Dismiss The Plaintiff's Truth In Lending Act Claim Under The Doctrines Of Res Judicata Or Collateral Estoppel.*

"[The preclusive effect of a state court judgment in a federal case is a

matter of state rather than federal law . . . ." 456 F.3d 744, 757 n.14 (7th Cir.

2006). In Wisconsin, "[t]he doctrine of claim preclusion provides that a final

judgment on the merits bars parties from relitigating any claim that arises out

of the same relevant facts, transactions or occurrences." <u>Sopha v. Owens-

Corning Fiberglas Corp.</u>, 230 Wis. 2d 212, 233, 601 N.W.2d 627, 636 (1999).

For *res judicata* to apply, three factors must be present: (1) an "identity

between the parties or their privies in the prior and present suits"; (2) the "prior

litigation resulted in a final judgment on the merits by a court with

jurisdiction"; and (3) an "identity of the causes of action in the two suits." <u>Id.</u> at

233-34, 610 N.W.2d at 637.

On the current record, the court cannot determine that the plaintiff's

claim under the TILA is barred by *res judicata* or collateral estoppel. For *res

judicata* to preclude the plaintiff's TILA claim, the court must find that her TILA

claim arose from the same set of operative facts as the facts underlying the

state court foreclosure litigation. Wisconsin courts follow the "transactional

approach" to determine whether there is an identity of claims between two

separate actions. <u>Kruckenberg v. Harvey</u>, 279 Wis. 2d 520, 532-33, 694 N.W.2d

879, 886 (2005). Under the transactional approach, "the legal theories,

remedies sought, and evidence used may be different between the first and second actions. The concept of transaction connotes a common nucleus of operative facts." Id. at 534, 694 N.W.2d at 886. This approach reflects "the expectation that parties who are given the capacity to present their entire controversies shall in fact do so." Id. (internal quotations omitted). Thus, "a claim is not an argument or a ground but the events claimed to give rise to a right to a legal remedy." Bethesda Lutheran Homes & Servs., Inc. v. Born, 238 F.3d 853, 857 (7th Cir. 2001).

The plaintiff's TILA claim arises out of Bank of America's alleged failure to give the plaintiff timely notice that it had transferred her note to a different servicer, which appears to be a discrete set of facts unrelated to the state court foreclosure action. The court cannot determine on the record before it whether the plaintiff had an opportunity to bring that claim in the state court proceedings; the record does not reflect conclusively when the alleged transfer occurred or whether the plaintiff knew or should have known of her claim at any time during the state trial court proceedings, which concluded in September 2013. Nothing in the current record suggests that the state court's judgment depended on or was informed by this alleged service transfer. The plaintiff's TILA claim potentially could provide other relief "via awards of damages without disturbing the state court's judgment." See Canen, 556 F. App'x at 491. Therefore, the court cannot find that *res judicata* bars this claim, because events giving rise to the plaintiff's TILA claim appear to be independent of the foreclosure litigation which led to the state court's final judgment.

16

Similarly, the court cannot dismiss the plaintiff's TILA claim under the doctrine of collateral estoppel, because the record is insufficient to establish that the plaintiff had an opportunity to litigate the issues relevant to her TILA claim, much less that those issues were actually litigated and necessary to the judgment in that case. See Mrozek v. Intra Fin. Corp., 281 Wis. 2d 448, 463-64, 699 N.W.2d 54, 61 (2005) (to apply collateral estoppel, the issue sought to be precluded must be identical to an issue in a prior case; the issue "actually must have been litigated" in the prior case; the determination of the issue must have been "necessary to the judgment"; and the court must find it is "fundamentally fair to employ issue preclusion given the circumstances of the particular case at hand.").

C.    The Court Will Not Dismiss The Plaintiff's Claim Under The One-Year Statute Of Limitations Provided In The Truth In Lending Act.

In addition to the threshold challenges Bank of America makes to the plaintiff's claims under Rooker-Feldman, *res judicata*, and collateral estoppel, Bank of America argues that her TILA claim is barred by the TILA's one-year statute of limitations. Dkt. No. 6, at 6. A motion to dismiss based on a statute of limitations is treated as a motion to dismiss for failure to state a claim on which relief can be granted under Rule 12(b)(6).[6]

---

[6] Bank of America does not argue that the plaintiff's allegations fail to state a claim under the TILA for any other reason, only that the claim is barred by the statute of limitations. RCS has not appeared in Case No. 15-cv-1250, likely because it has not been served, and the court declines to raise any additional defenses at this stage.

The plaintiff alleges that she first learned, through Bank of America's October 12, 2015 letter, that Bank of America had transferred her mortgage to a new servicer in December 2012. Dkt. No. 1, ¶26. Bank of America argues that, even if the plaintiff's allegations are true, her claim became time-barred almost two years ago. The court must take the plaintiff's allegations as true when considering a motion under Rule 12(b)(6). Even though almost three years passed between the date of Bank of America's alleged transfer and the date the plaintiff filed her complaint, the court finds that it is not appropriate to dismiss the plaintiff's TILA claim at this time.

Under the federal discovery rule, a plaintiff's claim accrues—and the statute of limitations begins to run—when the plaintiff discovers or should have discovered that she has been injured by an act or omission attributable to the defendant. Arroyo v. United States, 656 F.3d 663, 668, 673 (7th Cir. 2011); see also Sellars v. Perry, 80 F.3d 243, 246 (7th Cir. 1996) (stating that the "discovery rule asks whether the plaintiff knew *or should have known* of his injury"); Ramadan v. Chase Manhattan Corp., 156 F.3d 499, 502 (3d Cir. 1998) ("Allowing lenders to violate TILA, but avoid liability if they successfully concealed the violation from the debtor for a year, would undermine the core remedial purpose of TILA"); Cada v. Baxter Healthcare Corp., 920 F.2d 446, 450 (7th Cir. 1990) (stating that "[t]he rule that postpones the beginning of the limitations period from the date when the plaintiff is wronged to the date when he discovers he has been injured is the 'discovery rule' of federal common law,

which is read into statutes of limitations in federal-question cases . . . in the absence of a contrary directive from Congress") (citation omitted).

A number of courts have held that the federal discovery rule applies to TILA's one-year statute of limitations, because the statute does not provide to the contrary. E.g., Neiman v. Chase Bank, USA, N.A., No. 13-C-8944, 2014 WL 3705345, at *4 (N.D. Ill. July 25, 2014) (quoting Baker v. Wells Fargo Bank, No. 11-5420, 2012 WL 1886444, at *4 (N.D. Ill. May 23, 2012); McIntyre v. Household Bank, No. 02-C-1537, 2004 WL 2958690, at *12 (N.D. Ill., Dec. 21, 2004) (citing Estate of Henderson ex rel. Johnson v. Meritage Mort. Corp., 293 F. Supp. 2d 830, 834–35 (N.D. Ill. 2003)); Kent v. Celozzi–Ettleson Chevrolet, Inc., No. 99–C–2868, 1999 WL 1021044, at *6 (N.D. Ill., Nov. 3, 1999).

Under the discovery rule, the statute of limitations on the plaintiff's TILA claim began to run only after she received information from which she knew or should have known the facts giving rise to a claim. Under that standard, the court cannot determine on the record before it that the plaintiff's TILA claim is time-barred. The plaintiff alleges that she learned of this violation on October 12, 2015, only a week before she filed her *pro se* complaint in this court. She alleges that she was provided no other notice that Bank of America had effected the service transfer, and queries (perhaps rhetorically) whether the statute of limitations already has run. Neither her allegations nor the exhibits to her complaint suggest that she might have learned of the service transfer sooner.

Bank of America did not support its motion with materials in the public record or other documents from which the court could determine that it timely

19

notified the plaintiff of the transfer or that the plaintiff had learned of the transfer by other means (either under Rule 12(b)(6) or, if necessary, after converting the motion to dismiss into a motion for summary judgment). The defendants' briefs do not address the effect of the discovery rule on the plaintiff's claim. Instead, Bank of America assumed for the purpose of argument that a service transfer occurred on December 16, 2012 and argued summarily that the court should find the plaintiff's TILA claim is barred by the statute of limitations.[7]

This assumption is not the same as a case in which the plaintiff pleads herself out of court by alleging facts showing she discovered or should have discovered her TILA claim sooner. <u>Cf.</u>, <u>Baker v. Wells Fargo Bank, N.A.</u>, No. 11-C-5420, 2012 WL 1886444, at *4 (N.D. Ill. May 23, 2012) (granting defendant's motion to dismiss TILA claim because the plaintiff alleged facts in his complaint showing he should have discovered his TILA claim over one year before filing his complaint). And, if the record does not make it clear when the statute of limitations began to run, a dismissal under Rule 12(b)(6) is premature. <u>Hi-Lite Prods. Co. v. Am. Home Prods. Corp.</u>, 11 F.3d 1402, 1408 (7th Cir. 1993).

---

[7] Although it does not bear on the court's decision to deny Bank of America's motion to dismiss the plaintiff's TILA claim, the court notes that, after Bank of America filed its reply brief in support of its motion to dismiss, the plaintiff apparently received a second letter from Bank of America stating that the service transfer actually was "effective June 13, 2014 rather than December 16, 2012 as represented in Bank of America's" October 12, 2015 letter. Dkt. No. 14-1 at 14. That letter does not state whether Bank of America previously had notified the plaintiff of the transfer.

Rather than dismiss the plaintiff's TILA claim at this time, the proper course is to deny Bank of America's motion to dismiss as to the plaintiff's TILA claim, allow this claim to survive screening under §1915 as to RCS, and allow the parties to develop the facts related to the timing of Bank of America's service transfer and subsequent notice to the plaintiff of that transfer.

## III. CONCLUSION

The court concludes that the plaintiff's claims for wrongful foreclosure, quiet title, and declaratory and injunctive relief, along with her "independent action in equity," are barred by the <u>Rooker-Feldman</u> doctrine. The court finds that the plaintiff's claim under the TILA may proceed to the extent that she seeks relief that would not upset the state court final judgment of foreclosure, because it is not apparent from the record that her TILA claim is precluded by the state court's final judgment or is barred by the applicable statute of limitations.

The court **GRANTS** Bank of America's motion to consolidate and **ORDERS** consolidation of Case Nos. 2:15-cv-1250-PP and 2:15-cv-1526-PP. The clerk of court will transfer any pleadings to date in Case No. 2:15-cv-1526 to this case, and then administratively close Case No. 2:15-cv-1526. The operative complaint in this action will be the complaint filed in Case No. 15-cv-1250, and all future filings shall be made in this case only.

The court **GRANTS IN PART** Bank of America's motion to dismiss filed in Case No. 15-cv-1250 and dismisses the plaintiff's claims for wrongful foreclosure, quiet title, and declaratory and injunctive relief. The court **DENIES**

**IN PART** Bank of America's motion to dismiss and allows the plaintiff's TILA claim to proceed to the extent it is not barred by the statute of limitations, does not attack the state court's judgment, and may provide relief independent from that judgment.

The court **DISMISSES** the claims filed by the plaintiff against RCS for wrongful foreclosure, quiet title, and declaratory and injunctive relief against RCS pleaded in Case No. 15-cv-1250, pursuant to 28 U.S.C. §1915.

The court **GRANTS** RCS' motion to dismiss filed in Case No. 15-cv-1526 and dismisses the plaintiff's claims against RCS in that case.

The court **DISMISSES** the claims filed by the plaintiff against Bank of America in Case No. 15-cv-1526, pursuant to 28 U.S.C. §1915.

The court **DISMISSES** all claims filed by the plaintiff against Does 1-10, Inclusive in Case Nos. 15-cv-1250 and 15-cv-1526, pursuant to 28 U.S.C. §1915.

The court **ORDERS** that, if the plaintiff intended plead a claim against RCS under the Truth in Lending Act, she must serve the complaint filed in No. 15-cv-1250 on RCS on or before April 30, 2016 or face dismissal of that claim as to RCS.

Dated in Milwaukee, Wisconsin this 24th day of May, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge

22